L. E. WATERMAN CO. v. McCUTCHEON.

SAME v. FORSYTHE et al.

(Circuit Court of Appeals, Second Circuit. January 6, 1904.)

Nos. 6, 32.

1. PATENTS—INFRINGEMENT—FOUNTAIN PENS.

The Waterman patent, No. 293,545, for a fountain pen, having an ink duct provided with one or more longitudinal fissures formed in its walls for facilitating the passage of the ink through said duct, is not infringed by pens having a reed or strip within the duct to produce capillary action, in connection with the walls of the duct, it being shown that such pens were in use prior to the invention of the patent.

Appeals from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 121 Fed. 107.

These are appeals from decrees of the Circuit Court, Southern District of New York, dismissing bills of complaint for alleged infringements of United States patent No. 293,545, February 12, 1884, to L. E. Waterman for a fountain pen. The court construed the claims of the patent closely, and held that the devices complained of did not infringe.

Walter S. Logan, for appellant.

O. R. Mitchell, for respondent McCutcheon.

W. B. Whitney, for respondent Forsythe.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. It is unnecessary to write an opinion, since we concur substantially with the reasoning and conclusions of the judge who heard the cause in the Circuit Court. We are inclined, however, to rest the conclusion that the patented device must be construed so closely as not to include defendants' pens upon the pens, R, R, etc., whose prior use was abundantly proved, rather than upon the patents under which those pens were made. The literature of the art shows ink ducts in which are inserted separable reeds or strips in such manner that between them and the walls of the duct there are longitudinal spaces small enough to permit of the capillary action which the complainant's "fissures" provided for. In the prior patents, however, these reeds or strips are prolonged for the entire length of the ink duct, and the tip brought into contact with the pen. Each reed or strip thus performs two functions—it co-operates with the side walls of the duct to produce capillary action, and, being vibrated in the act of writing, it conveys an agitatory motion to the ink. In the prior pens, R, R, etc., however, the tip contacting with the pen is eliminated, and the vibrator or agitator method of assisting the ink duct is abandoned, and the only function left for the reed or strip is the co-operation to produce capillary action.

In view of the proof that such pens were in actual use before Waterman's improvement was made, we concur in the opinion, and affirm the decrees below, with costs.